IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JERRY WAYNE MALONE**                                                  **PLAINTIFF**

vs.                                          **CIVIL ACTION NO. 3:14CV132-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                         **DEFENDANT**

**MEMORANDUM OPINION**

Defendant, Carolyn W. Colvin, has filed a Motion for Summary Judgment asserting that plaintiff's appeal is time barred because she did not file her Complaint in federal court within the 60 days allowed by 42 U.S.C. § 405(g). Docket 9. The parties have consented to have a United States Magistrate Judge conduct all proceedings in this case as provided by 28 U.S.C. § 636©. After carefully considering the motion, response, reply, and supporting and opposing authority, the court finds that the motion should be GRANTED.

**I. Factual and Procedural History**

On March 29, 2013, an Administrative Law Judge ("ALJ") issued an unfavorable decision denying plaintiff's claim for disability benefits. Docket 9, p. 6. The plaintiff requested Appeals Council review of the ALJ's hearing decision, and on March 19, 2014, the Appeals Council mailed to both plaintiff and his representative a Notice of its decision denying review of the ALJ's decision. *Id.* The Notice also explained the plaintiff's right to commence a civil action in federal court within 60 days of receipt of the Notice and that his right to request an extension of time to do so. Allowing five days for presumptive receipt of the Appeals Council's notice, thus counting 65 days from the March 19, 2014 Notice date, the plaintiff was required to either request an extension of time to file or commence his civil action on no later than May 23,

2014.[1]  However, plaintiff did not file his Complaint until June 16, 2014.

## II.  Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324, quoting FED. R. CIV. P. 56(c) & (e).  Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.'  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id.* at 586; see also *Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010).  "Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment."  *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).  Where a party opposes summary judgment on a claim or defense on which that party will

---

[1] Both parties assert that plaintiff had until May 30, 2014 to file his Complaint, but sixty days from the date of Notice, March 19, 2014, plus five days for mailing, means plaintiff should have filed his complaint no later than Friday, May 23, 2014.  Thus, the complaint was not filed in this court until twenty-four days after expiration of the deadline.

bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); see also *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374 (5th Cir. 2010).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. As the Court stated in *Reeves*,

> . . . the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). In the end, "[s]ummary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

### III. Analysis

The Commissioner requests entry of judgment in her favor because the plaintiff's fails to state a claim upon which relief may be granted, and there are no circumstances that justify equitable tolling of the 60-day limitations period. Docket 9, p. 10. Under 42 U.S.C. § 405(g)

3

and 20 C.F.R. § 422.210(c)(2011), a claimant must file his federal court case within 60 days from the date he receives notice of the Appeals Council's decision denying a request for review. The Fifth Circuit has held that the 60-day period set forth in § 405(g) is a statute of limitation rather than a jurisdictional requirement. *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991), citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976). Section 405(g) functions "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). "Congress has authorized the Secretary to toll the 60-day limitations period." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citation omitted).

Even if a claimant does not timely file his federal court complaint or obtain an extension of time from the Appeals Council, he still may invoke the doctrine of equitable tolling in appropriate situations. *See Flores*, 945 F.2d at 113. "In rare cases, courts may toll [the 60-day limitations period] when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs*, 906 F.2d at 122. Equitable tolling may be utilized where a "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Flores*, 945 F.2d at 113. The court may deem a filing timely if plaintiff has demonstrated that "he has been pursuing his rights diligently" and an "extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

There is no dispute that plaintiff's complaint was in this court on June 16, 2014, or that the filing was beyond the 60-day statute of limitations established in §405(g). The plaintiff

4

presumptively received the Appeals Council's Notice no later than March 24, 2014, and he has offered no evidence or argument to the contrary. The duration between March 24, 2014 and June 16, 2014 is 84 days, which exceeds the 60-day filing period. The Commissioner submitted the unrefuted declaration of SSA employee Roxie Rasey Nicoll that there is no record that the plaintiff made a request to the Social Security Administration for an extension of time to file his federal court complaint. Docket 10, p. 6.

At issue is whether plaintiff is entitled to equitable tolling, thus permitting the court to deem his complaint timely filed. The only excuse plaintiff has offered for his late filing is that his first attorney did not advise him of the date to file his civil case until the deadline had already passed. Docket 15, p. 4. Once his first attorney failed to timely file his appeal, he obtained the proper forms from the Clerk's Office and filed his Complaint pro se. *Id.* He retained his current counsel only after the filing of his Complaint.

Even though plaintiff's first attorney did not properly advise him of the filing deadlines for a civil appeal, an attorney's neglect is not the type of action that warrants equitable tolling, particularly given the fact that plaintiff himself received a copy of the Appeals Council's Notice at his home address advising him of the time to file a federal appeal. Docket 10, p. 8. Plaintiff bears the responsibility to review documents sent to him from the Appeals Council and to comply with their requirements. If plaintiff's first attorney had "good cause" that prevented him from filing the federal appeal, he should have sought an extension from the Appeals Council, but he did not do so. Although the result is most unfortunate, the court nevertheless finds that this is not a "rare" case worthy of equitable tolling. Accordingly, there is no genuine issue of material fact, and, the defendant is entitled to entry of judgment in its behalf. A final judgment in

5

accordance with this memorandum opinion will issue this day.

This, the 5th day of February, 2015.

    /s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE